MORGAN, LEWIS & BOCKIUS LLP
Megan A. Suehiro, Bar No. 316104
*megan.suehiro@morganlewis.com*
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:   +1.213.612.2500
Fax:   +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Ezra D. Church, *pro hac vice forthcoming*
*ezra.church@morganlewis.com*
Kathryn Deal, *pro hac vice forthcoming*
*kathryn.deal@morganlewis.com*
1701 Market Street
Philadelphia, PA  19103-2921
Tel:   +1.215.963.5000
Fax:   +1.215.963.5001

Attorneys for Defendant
CHEWY, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LICEA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHEWY, INC., a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. **'22CV1852 AJB  DEB**<br><br>**NOTICE OF REMOVAL**<br><br>State Court Case No.:<br>37-2022-00042310-CU-MT-CTL<br><br>Date Filed:   October 24, 2022 |

**TO THE CLERK OF THE SOUTHERN DISTRICT OF CALIFORNIA AND PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant CHEWY, INC. ("Defendant"), by and through its counsel, removes the above-entitled action (the "Action") to this Court from the Superior Court of the State of California, County of San Diego, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. This removal is based on the following grounds:

## I.    PROCEDURAL BACKGROUND

1.    On October 24, 2022, Plaintiff Jose Licea ("Plaintiff") filed an unverified putative class action complaint in the Superior Court of the State of California, County of San Diego, entitled *JOSE LICEA, individually and on behalf of all others similarly situated v. CHEWY, INC., a Delaware corporation, and DOES 1 through 10, inclusive*, Case No. 37-2022-00042310-CU-MT-CTL (the "Complaint").

2.    The Complaint alleges two causes of action: (1) Violations of the California Invasion of Privacy Act, Cal. Penal Code § 631; and (2) Violations of the California Invasion of Privacy Act, Cal. Penal Code § 632.7.

3.    Plaintiff filed the Action as an unlimited civil case (exceeds $25,000) and seeks statutory damages, punitive damages, declaratory, injunctive, and other relief.

4.    Plaintiff served Defendant with the Complaint on October 27, 2022. Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** is a true and correct copy of the Complaint and all accompanying documents served upon Defendant in the Action.

## II.    REMOVAL IS TIMELY

5.    Defendant was served with the Complaint on October 27, 2022. *See* Exh. A. Because this Notice of Removal is filed within thirty days of service of the Summons and Complaint, it is timely under 28 U.S.C. §§ 1446(b) and 1453. *See*

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).  No previous Notice of Removal has been filed or made with this Court for the relief sought in this removal notice.

### III.    THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER CAFA

6.    Plaintiff seeks to bring this Action as a putative class action.  *See* Exh. A, Compl.  Removal based on Class Action Fairness Act ("CAFA") diversity jurisdiction is proper because (i) the aggregate number of putative class members is 100 or greater; (ii) diversity of citizenship exists between the Plaintiff and Defendant; and (iii) the amount placed in controversy by the Complaint exceeds, in the aggregate, $5 million, exclusive of interest and costs.  28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1453.  Defendant denies Plaintiff's factual allegations and denies that Plaintiff, or the class he purports to represent, is entitled to the relief requested; however, based on Plaintiff's allegations in the Complaint and his prayers for relief, all requirements for jurisdiction under CAFA have been met.[1]  Accordingly, diversity of citizenship exists under CAFA, and this Court has original jurisdiction over this Action pursuant to 28 U.S.C. § 1332(d)(2).

### A.    The Putative Class Has More Than 100 Members.

7.    Plaintiff asserts claims on behalf of a putative class comprised of "[a]ll persons within California who within the statute of limitations period: (1) communicated with Defendant via the chat feature on Defendant's Website using a cellular telephone, and (2) whose communications were recorded and/or eavesdropped upon without prior consent."  Exh. A, Compl. ¶ 22.

8.    Plaintiff estimates that membership in the putative class is "in the thousands, if not more."  *Id.* ¶ 23.

---

[1]    Defendant does not concede, and reserves the right to contest at the appropriate time, Plaintiff's allegations that this Action can properly proceed as a class action.  Defendant does not concede that any of Plaintiff's allegations constitute a cause of action against it under applicable law.

### B.      Diversity of Citizenship Exists.

9.      To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists; that is, one putative class member is a citizen of a state different from that of one defendant.  28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

10.      Pursuant to 28 U.S.C. § 1332, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities….[I]n practice it should normally be the place where the corporation maintains its headquarters— provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center,' and not simply an office where the corporation holds its board meetings[.]"  *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

11.      Plaintiff admits that he is "a resident of California."  Exh. A, Compl. ¶ 4.  Plaintiff is a citizen of California for diversity jurisdiction purposes.

12.      Defendant is incorporated under the laws of the State of Delaware and has its principal place of business in the State of Florida.  Form 10-Q (08/30/2022), Chewy, Inc., available at https://investor.chewy.com/financials/sec-filings/default.aspx (last accessed Nov. 22, 2022).

13.      Thus, Defendant is a citizen of states other than California for diversity purposes.  28 U.S.C. § 1332(c)(1).

14.     Accordingly, at least one member of the putative plaintiff class, *i.e.*, Plaintiff, is a citizen of a State different from Defendant.  Minimal diversity is satisfied and diversity jurisdiction exists under CAFA.  28 U.S.C. § 1332(d)(2)(A) (requiring only minimal diversity under which "any member of a class of plaintiffs is a citizen of a State different from any defendant").

**C.     The Amount In Controversy Exceeds $5,000,000.**

15.     Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d)(6).  Where, as here, a plaintiff does not expressly plead a specific amount of damages, a removing party need only show that it is more likely than not that the amount in controversy exceeds the jurisdictional amount.  *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

16.     A removing party seeking to invoke CAFA jurisdiction "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).  "[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case."  Senate Judiciary Report, S. REP. 109-14, at 42 (2005).

17.     A removing defendant "is not required to comb through its records to identify and calculate the exact frequency of violations."  *Tajonar v. Echosphere, L.L.C.*, 2015 WL 4064642, at *3 (S.D. Cal. July 2, 2015); *see also Gardner v. GC Servs., LP*, 2010 WL 2721271, at *3 n.3 (S.D. Cal. July 6, 2010) ("A removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages.") (citation omitted); *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) (rejecting plaintiff's argument for remand based on the contention that the class may not be able to prove all amounts claimed: "Plaintiffs are

conflating the amount in controversy with the amount of damages ultimately recoverable."); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (in alleging amount in controversy, defendants "are not stipulating to damages suffered, but only estimating the damages that are in controversy").

18.    Moreover, the ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant will actually owe. *LaCross*, 775 F.3d at 1202 (explaining that courts are directed "to first look to the complaint in determining the amount in controversy") (citation omitted).

19.    Although Defendant denies Plaintiff's factual allegations and denies that Plaintiff or the class he seeks to represent is entitled to the relief for which he has prayed, as detailed below, Plaintiff's allegations and prayer for relief have more likely than not put into controversy an amount that exceeds the $5 million threshold when aggregating the claims of the putative class members as set forth in 28 U.S.C. § 1332(d)(6).[2]

## Allegations Demonstrating Amount in Controversy

20.    As stated above, Plaintiff seeks to represent a class of "[a]ll persons within California who within the statute of limitations period: (1) communicated with Defendant via the chat feature on Defendant's Website using a cellular

---

[2]    This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint. Defendant's references to specific damage amounts and citation to comparable cases are provided solely for establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. Defendant maintains that Plaintiff's claim is without merit and that Defendant is not liable to Plaintiff or any putative class member. Defendant expressly denies that Plaintiff or any putative class member is entitled to recover any of the damages or other relief sought in the Complaint. In addition, Defendant denies that liability or damages can be established on a class-wide basis. No statement or reference contained in this notice shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendant's] liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (citation omitted).

telephone, and (2) whose communications were recorded and/or eavesdropped upon without prior consent." Exh. A, Compl. ¶ 22.

21.    Plaintiff estimates membership in the purported class "to be in the thousands, if not more." *Id.* ¶ 23.

22.    Plaintiff seeks statutory damages, punitive damages, declaratory, injunctive, and other relief. *Id.* at 9-10.

23.    Plaintiff alleges violations of the California Invasion of Privacy Act, which provides that "[a]ny person who has been injured by a violation of this chapter may bring an action against the person who committed the violation for the greater of the following amounts: (1) Five thousand dollars ($5,000) per violation[; or] (2) Three times the amount of actual damages, if any, sustained by the plaintiff." Cal. Penal Code § 637.2.

24.    Taking Plaintiff's allegations as true solely for purposes of establishing the amount in controversy, Plaintiff alleges statutory damages in excess of $5 million. More specifically, assuming, conservatively, the minimum number of alleged class members ("thousands," Exh. A, Compl. ¶ 23) and the monetary penalty per violation ($5,000), the amount in controversy is at least $10,000,000. *See Stoff v. Wells Fargo Bank, N.A.*, 2021 WL 5449036, at *7 (S.D. Cal. Nov. 22, 2021) (finding that for purposes of determining the amount in controversy, "'thousands' . . . means at least 2,000"); *see also Tompkins v. Basic Research LL*, 2008 WL 1808316, at *3 (E.D. Cal. Apr. 22, 2008) (for purposes of CAFA, the allegation "a class of 'thousands of persons'" implies "a logical minimum of 2,000 class members").

25.    Accordingly, the amount in controversy with regard to Plaintiff's claimed statutory damages alone far exceeds the CAFA threshold.

26.    In addition to the foregoing amounts, Plaintiff seeks to recover punitive damages, declaratory relief, injunctive relief, reasonable attorneys' fees and costs, and "other relief" on behalf of himself and the putative class. Exh. A,

Compl. at 9-10.  Defendant denies Plaintiff's entitlement to any such relief, including any punitive damages or attorneys' fees, but notes that punitive damages and attorneys' fees could further add to the amount in controversy if the Court finds them legally available and/or reasonably possible here.  *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793-794 (9th Cir. 2018) (noting that attorneys' fees "must be included in the amount in controversy" if they are at stake in the litigation); *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 773 (9th Cir. 2020) (noting that alleged punitive damages can be included in the amount in controversy if they are "reasonably possible").

D.     **The Home State Exception to CAFA Does Not Apply Here Because Defendant Is Diverse.**

27.     The Home State Exception to CAFA removal does not apply to this matter.  In limited circumstances, a federal district court may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction over a class action where greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the state in which the class action was originally filed.  28 U.S.C. § 1332(d)(3).

28.     Here, Plaintiff brings all of his claims against Defendant and no others.  As noted above, Defendant is not a citizen of California.  Thus, the Home State Exception to CAFA removal jurisdiction does not apply here.

IV.     **VENUE**

29.     This Action was originally filed in the Superior Court for the County of San Diego.  Initial venue is therefore proper in this district, pursuant to 28 U.S.C. § 1441(a), because it encompasses the county in which this Action has been pending.

## V.  **NOTICE**

30.    Defendant will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the Action is pending, as required under 28 U.S.C. § 1446(d).

## VI.  **CONCLUSION**

31.    Based on the foregoing, Defendant requests that this Action be removed to this Court.  If any question arises as to the propriety of the removal of this Action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is subject to removal.


Dated:        November 23, 2022              MORGAN, LEWIS & BOCKIUS LLP

By: /s/ *Megan A. Suehiro*
Megan A. Suehiro
Attorneys for Defendant
CHEWY, INC.